# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6898 | **DATE** | 1/23/2002 |
| **CASE TITLE** | Bolden, et al. Vs. Summers | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Frank Summers' motion to remand (3-1) is granted. Accordingly, the separate and independent state law claims against him are remanded to the Circuit Court of Will County, Illinois. His request for fees under section 1441 (c) is denied. Status hearing set for 2/15/02 at 10:00 a.m. Parties shall submit their proposed discovery schedule by 2/12/02. Any motion for summary judgment must be filed within 14 days after the deadline for the close of discovery. Any extension of discovery will not extend the deadline for the filing of any motion for summary judgment. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | **4** number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 24 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | *cm* docketing deputy initials | 12 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | 1/23/2002 date mailed notice | |
| MPJ | courtroom deputy's initials | 02 JAN 23 PH 4:40 | MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED

JAN 2 4 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT BOLDEN, DEBRA BOLDEN, )
Individually and as parents of )
ERIC BOLDEN, a minor, )
                         )
         Plaintiffs, )
                         )
      v. )
                         )
FRANK SUMMERS, )
                         )
         Defendant. )
                         )   No. 01 C 6898

ROBERT BOLDEN, DEBRA BOLDEN, )
Individually and as parents of )
ERIC BOLDEN, a minor, )
                         )
         Plaintiffs, )
                         )
      v. )
                         )
ROOFERS' UNION WELFARE TRUST )
FUND, )
                         )
         Defendant. )

## MEMORANDUM OPINION AND ORDER

Robert and Debra Bolden sued Frank Summers individually and on behalf of their minor son Eric in Illinois state court for injuries arising out of an automobile accident. Summers moved in state court to enforce the terms of an alleged settlement agreement with the plaintiffs. The plaintiffs then filed a "cross complaint for declaratory judgment" in state court, under the same case number, against Roofers' Unions Welfare Trust Fund ("the Fund"). The Fund removed the case to federal court based on a federal question on September 5, 2001; the caption on the notice of removal listed both

/2

Summers and the Fund as defendants, and both the original complaint and the "cross complaint" against the Fund were attached. The plaintiffs have filed no objection to the removal. Summers moves to remand the entire case back to the Illinois courts, or, in the alternative, to remand only the state claims against him.

I.

The Fund's notice of removal alleges that removal is proper under 28 U.S.C. §§ 1441(a) and (c). Section 1441(a) allows for removal of any civil action brought in state court over which the federal courts have original jurisdiction. A notice of removal is facially defective if it is not joined by all defendants or fails to explain why all defendants have not consented. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993). Ordinarily, any objection to removal must be filed within 30 days after the notice of removal was filed. § 1447(c). Summers' motion to remand was originally filed on September 25, 2001, within the thirty day period, but I denied it on September 27 because it was not properly noticed. Although there were still several days remaining until the expiration of the thirty-day period, Summers did not refile the motion until October 12, 2001. However, the Fund does not argue that Summers' objections to removal were untimely, so it has waived any objection on that basis.

Because the Fund's notice of removal was not joined by Summers, and does not say whether Summers consented, the notice of

removal is defective for the purposes of § 1441(a). However, consent of all defendants is not required for removal under § 1441(c). *Thomas v. Shelton*, 740 F.2d 478, 483 (7th Cir. 1984); *see also Speciale v. Seybold*, 147 F.3d 612, 616 n.4 (7th Cir. 1998). In cases where there are separate and independent claims within the federal question jurisdiction of federal courts that have been joined in state court with "one or more otherwise non-removable claims," § 1441(c) permits a defendant to remove the entire case, and I may retain jurisdiction over the entire case or remand the matters in which state law predominates.

As an initial matter, Summers refers to the Fund as a "third-party defendant" and to the plaintiffs' "third-party complaint" against the Fund. Actually, the plaintiffs called the pleading a "cross complaint," but neither designation is technically correct. A cross-action is a claim by a *defendant* against the plaintiff or against a co-defendant. *Black's Law Dictionary* 375 (6th ed. 1990); *see also* 735 ILCS 5/2-607(a) (defining a counterclaim by defendant against plaintiff as a species of cross claim). A third party action is one that brings in a party that has not been sued by the plaintiff, but might be liable to the defendant for all or part of the plaintiff's claim against the defendant. *Black's* at 1479; *see also* 735 ILCS 5/2-406 (authorizing defendants or the court to bring in third party defendants).

3

The significance of this procedural hair splitting, although neither party addresses it directly, is that in most circumstances, the Seventh Circuit does not allow third party defendants to remove actions under § 1441(c). *See Thomas v. Shelton*, 740 F.2d 478, 487-88 (7th Cir. 1984); *see also* 14C Wright, Miller & Cooper: Federal Practice & Procedure § 3724, at 40-51 (1998). The Fund argues that it is just a regular defendant, joined by the plaintiff under 735 ILCS 5/2-405, and I agree. Here the claim against the Fund was filed by the plaintiff, not by Summers, so it cannot be a cross complaint, *see supra*, and the plaintiff is the insured under the Fund, not Summers, so it cannot be in the nature of a third party complaint. Therefore the Fund is entitled to proceed under § 1441(c).

Removal under § 1441(c) requires (1) that the claims against the Fund would be removable if they had been brought alone--that is, that I have original jurisdiction--and (2) that those claims are separate and independent from all non-removable claims. *See Illinois Psychiatric Hosp. Co., Inc. v. Cook*, No. 92 C 6373, 1992 WL 386053, at *3 (N.D. Ill. Dec. 1, 1992) (Marovich, J.) (citing *Lemke v. St. Margaret Hosp.*, 552 F. Supp. 833, 840 (N.D. Ill. 1982)). The first requirement is easily satisfied. The plaintiffs are beneficiaries of the Fund, and they sued the Fund to adjudicate their right to future benefits under a subrogation provision of the Fund's plan. Although the complaint does not specifically invoke

4

ERISA, 29 U.S.C. § 1001 *et seq.*, on its face, the claim "arises under" ERISA for the purposes of removal on the basis of a federal question if: (1) the plaintiff is eligible to bring a claim under § 1132(a); (2) the "plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § [1132](a)"; and (3) the "plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law." *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996). All of those factors are present here, so the claim is one over which I have original jurisdiction.

Summers argues that removal of the ERISA claim is improper because it arises under § 1132(a)(1)(B), over which state and federal courts have concurrent jurisdiction, *see* 29 U.S.C. § 1132(e)(1), and that I must have exclusive jurisdiction for removal to be proper. Exclusive jurisdiction is not a prerequisite to removal; under § 1441(c), I may properly retain jurisdiction over separate and independent claims that are within the jurisdiction conferred by § 1331, and § 1331 confers original jurisdiction over all actions "arising under" federal law. That standard is satisfied here.

As for the second requirement, a claim is not "separate and independent" if it "arises from the same loss or actionable wrong" as a nonremovable claim. *Lewis v. Louisville & Nashville R.R. Co.*, 758 F.2d 219, 221 (7th Cir. 1985). Here the plaintiffs' action against Summers is for personal injuries arising out of an

5

automobile accident, and the claim against the Fund is essentially a contract action to construe the plaintiffs' rights to benefits under the Fund's plan. In a similar case, another court in this district has held that a claim for payment of benefits under an ERISA plan, involving the validity of a subrogation clause, was separate and independent from a state claim for personal injuries against the driver of the car that caused the accident. *See Scianna v. Furlong*, 56 F. Supp. 2d 1000, 1004-05 (N.D. Ill. 1999) (Moran, S.J.). The court distinguished *Speciale v. Seybold*, 147 F.3d 612 (7th Cir. 1998) (holding that state law petition to apportion settlement fund from personal injury claim between ERISA fund and beneficiaries was preempted by ERISA), on the grounds that, in *Speciale*, the ERISA plan's right to subrogation was not challenged, no payment was sought from the plan, and the only issue was the proper apportionment of funds from the settlement of the state claim. 56 F. Supp. 2d at 1004. This case is on all fours with *Scianna*. The claim against the Fund, challenging the validity of the subrogation provision, does not arise out of the same set of facts as the automobile accident and does not depend on a finding of liability against Summers. *Cf. Thomas*, 740 F.2d at 486 (Indemnity claim is not separate and independent from underlying tort claim because indemnity claim will be moot if tort defendant is not liable).

There is one remaining question, however: whether the plaintiffs' claims against Summers are in fact "otherwise non-

6

removable" for the purposes of § 1441(c). The complaint against Summers does not on its face reveal any basis for diversity jurisdiction under 42 U.S.C. § 1332: it does not identify the citizenship of the parties, and the *ad damnum* clause seeks only "an amount in excess of" $50,000. Nor is there supplemental jurisdiction because, as I have already determined, the factual and legal basis of the claims are different from the ERISA claim and do not satisfy the "same case or controversy" requirement of 42 U.S.C. § 1367.

Because the claims against Summers are non-removable, § 1441(c) is an appropriate basis for removal of the entire case. The parties agree that state law predominates in the claims against Summers, and the Fund does not object to Summers' alternative request that I retain the ERISA claim against the Fund and remand the state claim against Summers. I have made my own determination that the state law claims against Summers were non-removable, so I grant the motion to remand those separate and independent claims to state court.

II.

Summers requests fees and costs in connection with this motion. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." No showing of bad faith is required; § 1447(c) is a fee-shifting statute, and the rationale behind it "'is that the victor should be

7

made whole--should be as well off as if the opponent had respected his legal rights in the first place.' Improper removal prolongs litigation (and jacks up fees)." *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 367 (7th Cir. 2000).

However, because I lack jurisdiction over the claims against Summers, the Fund properly proceeded under § 1441(c), and the removal was not improper. Here the remand of the state claims is an exercise of my discretion rather than the result of a procedural or jurisdictional defect in the removal. Section 1447(c) does not say whether fees are available for partial remands under § 1441(c), and I can find no case awarding fees in that situation. In light of the Seventh Circuit's construction of § 1447(c) as a remedy for an *improper* removal, *see Hotline Indus.*, 236 F.3d 363 at 367, I conclude that fees are not appropriate when I exercise my discretion to remand the claims.

### III.

I GRANT Summers' motion to remand the separate and independent state law claims against him to the Circuit Court of Will County, Illinois. I deny his request for fees under § 1441(c).

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated:     January 23, 2002

8

Copies have been mailed to:

David W. Earnest
Gerald M. Sachs & Assoc.
One N. LaSalle Street, #1525
Chicago, IL   60602

Attorney for Plaintiffs

Angela R. Karras
Swanson, Martin & Bell
One IBM Plaza, #2900
Chicago, IL   60611

David J. Cahill
Swanton, Martin & Bell
2100 Manchester Road, #1420-C
Wheaton, IL   60187

Robert B. Greenberg
Asher, Gittler, Greenfield,
 Cohen & D'Alba
125 S. Wacker Drive, #1100
Chicago, IL   60606

Attorneys for Defendants